IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 5 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PABLO NOYOLA, JR. AND § <br> MARIA LETICIA NOYOLA § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> MERCEDES NATIONAL BANK, § <br> PROGRESSIVE MORTGAGE, INC. § <br> D/B/A KEY MORTGAGE, AND § <br> ISIDRO MARTINEZ D/B/A TAILOR § <br> MADE HOMES § <br> Defendants § | CIVIL ACTION NO. B-04-087 <br> JURY DEMAND |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO ABSTAIN AND TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** MERCEDES NATIONAL BANK and PROGRESSIVE MORTGAGE, INC. D/B/A KEY MORTGAGE, Defendants in the above-styled and numbered cause, and make this Response to Plaintiffs' Motion to Abstain and to Remand.

I.

**GENERAL**

1.01  This is an action in which the Plaintiffs included a cause of action based on a federal statute, the Federal Fair Credit Reporting Act, *15 U.S.C 1692 et seq.*

1.02  Federal question creates a permissible basis for the parties' removal and this Court's exercise of jurisdiction. *28 U.S.C. 1331 and 1441 (b)*.

## II.

## **FACTUAL BACKGROUND**

2.01 Plaintiffs filed a motion to remand arguing that removal was procedurally defective because not all served Defendants have joined in the removal.

2.02 This action was removed from the 103rd District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, on May 17, 2004. At that time, the State Court Docket Sheet reflected that only two of three Defendants had been served: Mercedes National Bank and Progressive Mortgage, Inc. Both of these Defendants consented to the removal.

2.03 Defendant, Mercedes National Bank, was served with process on April 19, 2004. Defendant Progressive Mortgage, Inc., was served with process on April 19, 2004. Defendants had until May 19, 2004, to remove the action. Defendants' removal was timely.

2.04 At the time of the removal, the State Court Docket Sheet did not reflect service on any other Defendant. In fact, the attached copy of the State Court Docket Sheet reflects that Isidro Martinez was served on May 13, 2004, but the citation was filed with the State Court on May 18, a day after the removal was effected. *Affidavit of Ricardo Morado*.

2.05 Under the Texas Rules of Civil Procedure, Isidro Martinez had until June 7, 2004, in which to file an answer to the lawsuit. Under the Federal Rules of Civil Procedure, his answer would have been due by June 3. As of June 21, 2004, Isidro Martinez had entered no appearance whatsoever and is in default.

## III.

## **ARGUMENT AND AUTHORITIES**

> THE REMOVAL OF THIS ACTION WAS PROPER BECAUSE AT THE TIME OF RENEWAL THE DEFENDANTS WHO JOINED IN THE REMOVAL WERE REASONABLY DILIGENT IN ASCERTAINING THE IDENTITY OF ALL SERVED DEFENDANTS AND HAD NO ACTUAL OR CONSTRUCTIVE NOTICE THAT A THIRD DEFENDANT HAD BEEN SERVED.

3.01  A notice of removal must be filed by the defendant or defendants within 30 days after receipt by the defendant of a copy of the initial pleading. *28 U.S.C. 1446(a) and 1446(b).*

3.02  In *Milstead Supply Co. v. Casualty Insurance Co. and Transportation Insurance Co., 797 F.Supp. 569 (W.D. Tex. 1992)* the District Court considered the Plaintiff's Motion to Remand. The plaintiff challenged the removal to federal court on the basis that a later served defendant did not properly join in the removal petition. Transportation Insurance Company was served on May 14, 1992, and removed the action on June 15, within the 30-day period provided by law. Casualty Insurance Company was served on June 10, 1992, but at the time of removal, the return of service had been on file for less than three hours. Additionally, Transportation's counsel was not served with a copy of Casualty's answer filed in state court after the removal.

3.03  The District Court denied the plaintiff's motion to remand, finding that Transportation Insurance Company was unaware, at the time of removal, that Casualty Insurance Company had been served. The District Court found that Transportation Insurance, the removing defendant, was reasonably diligent in attempting to ascertain whether defendant Casualty Insurance had been served. Given that Transportation Insurance Company had no actual or constructive notice that Casualty Insurance had been served, the District Court found that the "exceptional circumstances" of this case justified denial of the motion to remand. The Court states:

> For the following reasons this Court holds a joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and, (2) whom the removing defendants actually knew or should have known had been served. n8 The second requirement encompasses the served defendants whom the removing defendants actually knew had been served. This requirement also mandates that the removing defendants obtain the consent or joinder of the other defendants whom the removing defendants should have been aware of because of the constructive notice [**13] of the filing of the return of service in the state court. The constructive notice element should only by applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such other defendants. To mandate that all defendants who have been actually served must joint in any removal filed after the actual time of service upon such defendants would  be inconsistent with the spirit and purpose of the

federal rules, as well as contrary to logic and common sense, and could create motivation for improper conduct in serving defendants.

*Milstead, 797 F. Supp. at 573.* In contrast to these facts, the Milstead Court noted that the removing defendant in the Fifth Circuit's opinion in **Getty Oil Corp. v. Insurance Company of North America**, *841 F.2d 1254, 1263 n.12 (5th Cir. 1988)*, was aware that the other defendant had been served and this other defendant was also aware of the petition for removal. *Milstead, 797 F. Supp. at 572.*

**IV.**

4.01 In this case, Isidro Martinez was served on May 13, 2004, but the return of service was not filed until May 18, 2004, after the case had been removed by Mercedes National Bank and Progressive Mortgage, Inc. Neither Mercedes National Bank nor Progressive Mortgage, Inc., had actual or constructive notice of service upon Isidro Martinez, despite having engaged in diligent efforts to determine the same. Further, Isidro Martinez, although served, has entered no appearance nor filed a motion to remand as required. Under these circumstances these Defendants have demonstrated the "exceptional circumstances" identified by the District Court in *Milstead*, supra, and present ample factual basis and legal authority for denial of the motion to remand.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon hearing on this matter, this Court deny Plaintiffs' Motion to Abstain and to Remand.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 FAX

By _____
Ricardo Morado
State Bar No. 14417250
Fed. I.D. No. 1213

ATTORNEY FOR MERCEDES NATIONAL BANK

        Respectfully submitted,

        **MAGALLANES & HINOJOSA, P.C.**
        1713 Boca Chica Blvd.
        Brownsville, Texas 78520
        (956) 544-6571
        (956) 544-4290

        By _____
        Gilberto Hinojosa
        State Bar No. 09701100
        Fed. I.D. No. 3425

        ATTORNEY FOR DEFENDANT PROGRESSIVE MORTGAGE, INC., D/B/A KEY MORTGAGE

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing Defendants' Response to Plaintiffs' Motion to Abstain and to Remand has been sent by certified mail return receipt requested to the following on this 25th day of June, 2004.

Mr. Gene McCullough                      *VIA CMRRR*
McCULLOUGH AND McCULLOUGH
P. O. Box 2244
323 E. Jackson
Harlingen, Texas 78551

                                          _____
                                          Ricardo Morado

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PABLO NOYOLA, JR. AND § | | |
| MARIA LETICIA NOYOLA § | | |
| Plaintiffs § | | |
| § | | |
| VS. § | | |
| § | | |
| MERCEDES NATIONAL BANK, § | CIVIL ACTION NO. B-04-087 | |
| PROGRESSIVE MORTGAGE, INC. § | JURY DEMAND | |
| D/B/A KEY MORTGAGE, AND § | | |
| ISIDRO MARTINEZ D/B/A TAILOR § | | |
| MADE HOMES § | | |
| Defendants § | | |

STATE OF TEXAS          *

                        *

COUNTY OF CAMERON       *

## AFFIDAVIT

BEFORE ME the undersigned authority on this day personally appeared Ricardo Morado, and after being duly sworn, deposes and says,

1. My name is Ricardo Morado and I am over the age of eighteen (18) years, I have never been convicted of a crime, and I am fully competent to make this affidavit.

2. I am counsel of record for Mercedes National Bank, Defendant in the above-styled and numbered cause.

3. On May 17, 2004, my client removed the above-referenced action from the 103rd State District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

4. On the date of filing, my office filed with the Federal Court a copy of the following items: Civil Docket Sheet and Clerk's Entries, Plaintiffs' Original Petition, Defendant's Original Answer, Plaintiffs' Motion for Substituted Service (Rule 106), Affidavit in Support of Plaintiffs' Motion to Substituted Service, Order Granting Motion for Substituted Service, Defendant's Special Exception to Plaintiffs' Petition, Defendant's Notice of Filing Notice of Removal, Civil Cover Sheet, List of Counsel of Record, Order for Conference and Disclosure of Interested Parties, and Index of Matters Filed.

5. Prior to effecting the removal, I checked the files of the 103rd District Court to determine who the served Defendants were in this matter. On May 17, 2004, the files

reflected th~~at~~ the only other served Defendant was ~~Pr~~ogressive Mortgage, Inc., represented by Mr. Gilberto Hinojosa.

6. I contacted Mr. Gilberto Hinojosa, counsel for Progressive Mortgage, Inc., and obtained his client's consent to remove this action.

7. Prior to the filing of the Plaintiffs' Motion to Remand, I had no actual or constructive notice that Defendant Isidro Martinez had been served on May 13, 2004.

8. The attached docket sheet shows that the return of citation on Isidro Martinez was filed with the State Court on May 18, 2004, a day after the matter had been removed to Federal Court.

9. I never received a copy of the return of citation reflecting service on Isidro Martinez.

10. I never received a copy of any answer or other responsive pleading filed by Isidro Martinez in connection with this matter.

11. I reviewed the State Court file and the Federal Court file on this removed action on June 16, 2004, and found no answer or other responsive pleading filed by Isidro Martinez.

12. I have personal knowledge of all matters stated in this affidavit. All statements are true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
Ricardo Morado

SUBSCRIBED AND SWORN TO BEFORE ME by the said Ricardo Morado, affiant, to which witness my hand and seal of office on this the sworn to before me on this the 25th day of June, 2004.

_____
Notary Public for the State of Texas
Expiration Date: 05/01/06

[Notary Seal: CELESTINA M URIBE, NOTARY PUBLIC, State of Texas, Comm. Exp. 05-01-2006]

```
                                                           PAGE: 01
R K ' S   E N T R I E S           2004-04-001973-D

                          *    *    *          04    12    04

ENE MCCULLOUGH
  2244                    (06)                              30.00
GEN, TX        78551 2244       DECEPTIVE TRADE PRACTICES

05                                              ROERIG,
CARDO MORADO                            OLIVEIRA & FISHER,
 PRICE ROAD, SUITE 9
VILLE, TX.    78520 8786

ANTED AS PER ORDER

MG

04/12/04  ORIGINAL PETITION FILED
04/13/04  CITATION: MERCEDES NATIONAL BANK
04/13/04    SERVED: 04/19/04    FILED: 04/20/04
04/13/04  CITATION: ISIDRO MARTINEZ
04/13/04    SERVED:
04/13/04  CITATION: PROGRESSIVE MORTGAGE, INC.
04/13/04    SERVED: 04/19/04    FILED: 04/20/04
05/05/04  ORIGINAL ANSWER: MERCEDES NATIONAL BANK
05/05/04  JURY FEE: Pd. by HON. RICARDO MORADO
05/06/04  PLTFS' MTN FOR SUBSTITUTED
          SERVICE(RULE 106) /CW
05/06/04  AFFIDAVIT IN SUPPORT OF PLTFS' MTN FOR
          SUBSTITUTED SERVICE/CW
05/06/04  DEFT'S SPECIAL EXCEPTION TO PLTFS'
          PETITION /CW
05/07/04  CITATION: ISIDRO MARTINEZ
05/07/04    SERVED: 05/13/04    FILED: 05/18/04
05/17/04  PLTFS' CERTIFICATE OF WRITTEN
          DISCOVERY /CW
05/17/04  NOTICE OF FILING NOTICE OF REMOVAL /CW
```

Case 1:04-cv-00087   Document 7   Filed in TXSD on 06/25/2004   Page 10 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PABLO NOYOLA, JR. AND § <br> MARIA LETICIA NOYOLA § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> MERCEDES NATIONAL BANK, § <br> PROGRESSIVE MORTGAGE, INC. § <br> D/B/A KEY MORTGAGE, AND § <br> ISIDRO MARTINEZ D/B/A TAILOR § <br> MADE HOMES § <br> Defendants § | CIVIL ACTION NO. B-04-087 <br> JURY DEMAND |

STATE OF TEXAS           *

                         *

COUNTY OF CAMERON        *

## AFFIDAVIT

BEFORE ME the undersigned authority on this day personally appeared Gilberto Hinojosa, and after being duly sworn, deposes and says,

1. My name is Gilberto Hinojosa and I am over the age of eighteen (18) years, I have never been convicted of a crime, and I am fully competent to make this affidavit.

2. I am counsel of record for Progressive Mortgage, Inc., d/b/a Key Mortgage, Defendant in the above-styled and numbered cause.

3. On May 17, 2004, my client joined in the removal of the above-referenced action from the 103rd State District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

4. Prior to the filing of the Plaintiffs' Motion to Remand, I had no actual or constructive notice that Defendant Isidro Martinez had been served on May 13, 2004.

5. I relied upon Ricardo Morado's examination of the state court file to determine who had been served in the state court action.

6. I never received a copy of the return of citation reflecting service on Isidro Martinez.

7. I never received a copy of any answer or other responsive pleading filed by Isidro

Martinez in connection with this matter.

8. I have personal knowledge of all matters stated in this affidavit. All statements are true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
Gilberto Hinojosa

SUBSCRIBED AND SWORN TO BEFORE ME by the said Gilberto Hinojosa, affiant, to which witness my hand and seal of office on this the  sworn to before me on this the 25th day of June, 2004.



PAULINE L. RODRIGUEZ
MY COMMISSION EXPIRES
August 8, 2006

_____
Notary Public for the State of Texas