UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Pablo Noyola, Jr. and Maria Leticia Noyola § § | | |
| *versus* § § | CIVIL ACTION B -04-87 | |
| Mercedes National Bank, § | | |
| Progressive Mortgage, Inc. D/B/A § | | |
| Key Mortgage, And Isidro Martinez § | | |
| D/B/A Tailor Made Homes § | | |

United States District Court
Southern District of Texas
FILED

AUG 26 2004

Michael N. Milby
Clerk of Court

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE
Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

ANSWER: Telephonic Conference
August 18, 2004 at 4:00 p.m.
Gene McCullough attorney for Plaintiffs Pablo Noyola, Jr. and Maria Leticia Noyola
Ricardo Morado attorney for Defendant Mercedes National Bank
Edgar Juarez on behalf of Gilberto Hinojosa attorney for Defendant Progressive Mortgage, Inc. d/b/a Key Mortgage

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

ANSWER: This case was removed from the state district court. The original filing information is as follows:

Cause No. 2004-04-1973-D; 103rd Judicial District Cameron County
Pablo Noyola, Jr. and Maria Leticia Noyola, Plaintiffs
versus
Progressive Mortgage, Inc., D/B.A Key Mortgage
Mercedes National Bank and
Isidro Martinez D/B/A Tailor Made Homes, Defendants

3. Specify the allegation of federal jurisdiction.

ANSWER: Federal Question 28 U.S.C. § 1331 pursuant to Plaintiffs' allegation of violating the Federal Fair Credit Reporting Acts (FCRA), 15 U.S.C. § 1681

4. Name the parties who disagree and the reasons.

ANSWER: Plaintiffs disagree with federal jurisdiction. Federal jurisdiction is not exclusive under 15 U.S.C. § 1681 Federal Fair Credit Reporting Act and the case could be heard in either federal and state court.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

| | | |
|---|---|---|
| ANSWER: | | Defendant Isidro Martinez has been served, but has not appeared and has defaulted. Plaintiffs anticipate that individuals acting outside the scope of their employment may be included, but are unknown at this time. |
| 6. | | List anticipated interventions. |
| ANSWER: | | None |
| 7. | | Describe class-action issues. |
| ANSWER: | | None |
| 8. | | State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures. |
| ANSWER: | | Parties have agreed to exchange initial disclosures within 30 days of Aug. 18, 2004 that date being Friday Sept. 17, 2004. |
| 9. | | Describe the proposed agreed discovery plan, including: |
| | A. | Responses to all the matters raised in Rule 26(f). |
| ANSWER: | | The parties have prepared a proposed scheduling order which is attached hereto. |
| | B. | When and to whom the plaintiff anticipates it may send interrogatories. |
| ANSWER: | | Within 30-60 days of receiving Defendants' disclosures, Plaintiffs anticipate sending interrogatories to all Defendants who have appeared. |
| | C. | When and to whom the defendant anticipates it may send interrogatories. |
| ANSWER: | | Within 30-60 days of receiving Plaintiffs' disclosures, Defendants anticipate sending interrogatories. |
| | D. | Of whom and by when the plaintiff anticipates taking oral depositions. |
| ANSWER: | | Plaintiffs anticipate taking oral depositions of the named Defendant representatives within 30 days of receiving discovery responses and following with identified witnesses and experts. |
| | E. | Of whom and by when the defendant anticipates taking oral depositions. |
| ANSWER: | | Defendants anticipate taking oral depositions of Plaintiffs within 30 days of receiving discovery responses and following with identified witnesses and experts. |
| | F. | When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports. |
| ANSWER: | | Plaintiff will be able to designate experts and provide the reports within 120 days. Opposing parties will be able to designate responsive experts and their reports within 180 days. |
| | G. | List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report). |
| ANSWER: | | Plaintiffs anticipate taking depositions of Defendants' named experts within 60 days of receiving the expert report. |

      H.      List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

ANSWER:      Defendants anticipate taking depositions of Plaintiffs' named experts within 60 days of receiving the expert report.

10.      If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

ANSWER:      None

11.      Specify the discovery beyond initial disclosures that has been undertaken to date.

ANSWER:      None

12.      State the date the planned discovery can reasonably be completed.

ANSWER:      March 15, 2005

13.      Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

ANSWER: A brief discussion was held with no resolution.

14.      Describe what each party has done or agreed to do to bring about a prompt resolution.

ANSWER:      Plaintiffs agreed to provide a demand within 30 days.

15.      From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

ANSWER:      Pursuant to discussions with clients, the attorneys' believe that a one day mediation through Leo Salzman after disclosures and deposition, which will take place before February 1, 2005, is a suitable alternative dispute resolution technique.

16.      Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

ANSWER:      There was no objection

17.      State whether a jury demand has been made and if it was made on time.

ANSWER:      Yes a timely jury demand was made by Defendant Mercedes National Bank in state district court.

18.      Specify the number of hours it will take to present the evidence in this case.

ANSWER:      40 hours

19.      List pending motions that could be ruled on at the initial pretrial and scheduling conference.

ANSWER:      Motion to Remand

20.      List other motions pending.

ANSWER:      Defendants filed special exceptions, in its state district court answers to Plaintiffs' Original Petition.

21.      Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at

the conference.

ANSWER:   Defendant Isidro Martinez has been served, but has not appeared and has defaulted in state court.

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff(s) _____ Date 8/24/04

Gene McCullough
State Bar No. 00794267
Federal ID # 19292
P.O. Box 2244
Harlingen, Texas 78551-2244
Telephone 956/423-1234
Facsimile 956/423-4976
Attorney for Plaintiffs
Maria Leticia & Pablo Noyola

Counsel for Defendant(s) _____ Date 8-25-04

Ricardo Morado
State Bar No. 14417250
Federal ID #1213
855 West Price Road, Ste. 9
Brownsville, Texas 78520-8786
Telephone 956/542-5666
Facsimile 956/542-0016
Attorney for Defendant
Mercedes National Bank

Counsel for Defendant(s) _____ Date _____

Gilberto Hinojosa
State Bar No. 09701100
Federal ID # 3425
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Telephone 956/544-6571
Facsimile 956/544-4290
Attorney for Defendant
Progressive Mortgage, Inc.