UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 30 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| PABLO NOYOLA, JR. AND | § | |
| MARIA LETICIA NOYOLA | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-04-087 |
| | § | (636(c)) |
| MERCEDES NATIONAL BANK, | § | Jury Demanded |
| PROGRESSIVE MORTGAGE, INC. | § | |
| D/B/A KEY MORTGAGE AND | § | |
| ISIDORO MARTINEZ D/B/A | § | |
| TAILOR MADE HOMES, | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
ENTERED

OCT 0 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

## ORDER DENYING PLAINTIFFS' MOTION TO ABSTAIN AND REMAND

Before the Court is Plaintiffs Pablo Noyla Jr. and Maria Leticia Noyola's (hereafter "Plaintiffs") "Motion to Abstain and to Remand" (Doc. # 6). For the following reasons it is the opinion of this Court that the Plaintiffs' motion should be DENIED.

### BACKGROUND

The Plaintiffs filed a petition in the 103rd Judicial District of Cameron County, Texas on April 12, 2004 alleging that Defendants Mercedes National Bank, Progressive Mortgage, Inc. d/b/a Key Mortgage and Isidoro Martinez d/b/a Tailor Made Homes (hereafter "Defendants") made a number of misrepresentations to them during the construction of a house. These misrepresentations, the Plaintiffs argue, caused them severe personal and financial distress. Among the claims made by the Plaintiffs in their original petition is the allegation that the Defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. Two of the Defendants, Mercedes National Bank and Progressive Mortgage, used the federal question raised

1

by this statute to remove the action from state court to the United States district court for the Southern District of Texas pursuant to 28 U.S.C. § 1441(b). Defendant Tailor Made Homes did not take part in the removal. The Plaintiffs assert in their present motion that removal was improper because (1) the FCRA is not exclusively within the jurisdiction of the federal courts and (2) all Defendants did not consent to, nor were they joinder in, the removal. Each of these issues will be addressed below, in turn.

## DISCUSSION

*A.     Removal Based on the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681*

According to the FCRA an action "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction..." 15 U.S.C. § 1681(p) (1998). The Fifth Circuit construed similar "may bring" language in the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, as giving a plaintiff the right to initiate a suit in either state or federal court. *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 461 (5th Cir. 1982). The Court went on to note, however, that this language did not indicate an intent on the part of congress to allow plaintiffs to prosecute the suit to final judgment in the court of their choosing. *Id.* The reasoning behind this decision was applied to the statute at issue in this action by our sister Court in *Rhea v. Amresco, Inc.*, 871 F.Supp 283 (N.D. Texas 1994). In *Rhea* the Court held that though the FCRA allows plaintiffs to bring an action in state court, it does not guarantee that they may keep it there. *Id.* at 284; *See also Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir. 1998).

Plaintiffs initiated this suit in state court but by alleging that the Defendants violated the FCRA they also raised a federal question thus making the action removable to federal court

2

under 28 U.S.C. § 1441(b). Because Mercedes National Bank and Progressive Mortgage's removal of the action to federal court appears proper based on 28 U.S.C. § 1441(b) as well as the language of the FCRA the Plaintiffs' motion for remand cannot succeed on this ground.

### B. Consent and Joinder Issues Under 28 U.S.C. § 1446

The Fifth Circuit has held that 28 U.S.C. § 1446 requires all defendants who have been properly joined and served at the time of removal to join in the removal petition. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Normally, failure to have the consent of all properly joined and served defendants will cause the removal to be defective. *Id.* In the years since *Getty Oil*, however, some exceptions to this rule have been carved out. The exception most relevant to the present case was outlined in *Milstead Supply Co. v. Casualty Insurance Co., et al.*, 797 F.Supp 569 (W.D. Texas 1992). In *Milstead* the Court stated that "joinder or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and (2) whom the removing defendants actually knew or should have known had been served." *Id.* at 573.

Defendants Mercedes National Bank and Progressive Mortgage filed their notice of removal on May 17, 2004 (Doc. # 1) without obtaining the consent of Defendant Tailor Made Homes. Though at the time of removal Defendant Tailor Made Homes had been served, the citation of service had not yet been filed with the State Court. In fact, this citation was not actually filed with the State Court until May 18, 2004, one day after removal, and thus Defendants Mercedes National Bank and Progressive Mortgage could not have had actual or constructive knowledge that service had been perfected upon Defendant Tailor Made Homes at the time they filed their removal petition. This brings Defendants Mercedes National Bank and

Progressive Mortgage's petition squarely within the exception outlined above. The *Milstead* Court held that removing defendants were entitled to a reasonable time to become aware of the filing of service and a reasonable time in which to obtain consent or joinder. *Milstead*, 797 F.Supp. at 573. In this case Defendants Mercedes National Bank and Progressive Mortgage had neither and remanding this action to state court would, as the Court in *Milstead* put it, "be inconsistent with the spirit and purpose of the federal rules, as well as contrary to logic and common sense." *Id.*[1]

## CONCLUSION AND ORDER

For the reasons stated above, it is ORDERED that Plaintiffs' Motion to Abstain and Remand (Doc. # 6) is hereby DENIED. Likewise, Plaintiffs' requests for sanctions against Defendants Mercedes National Bank and Progressive Mortgage and for attorney's fees incurred during the removal action are DENIED.

IT IS SO ORDERED.

DONE at Brownsville, Texas, this 30th day of September, 2003.

Felix Recio
United States Magistrate Judge

---

[1] It should be noted, however, that Defendant Tailor Made Homes, who was not joined in the removal petition, still has the option to move to remand this action to state court.