Exhibit A

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PABLO NOYOLA, JR. AND
MARIA LETICIA NOYOLA

vs.

CIVIL ACTION NO. B-04-087

MERCEDES NATIONAL BANK,
PROGRESSIVE MORTGAGE, INC. D/B/A
KEY MORTGAGE, AND ISIDRO MARTINEZ
D/B/A TAILOR MADE HOMES

### FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Pablo Noyola, Jr. and Maria Leticia Noyola, hereinafter called Plaintiffs, complaining of and about Mercedes National Bank, Progressive Mortgage d/b/a Key Mortgage and Isidro Martinez d/b/a Tailor Made Homes, hereinafter called Defendants, and for cause of action show unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff, Pablo Noyola, Jr., is an Individual who resides in Cameron County, Texas.

2. Plaintiff, Maria Leticia Noyola, is an Individual who resides in Cameron County, Texas.

3. Defendant Mercedes National Bank, A National Banking Association, and may be served with a citation directed to said Defendant to Cheryl Bellamy, the President at the following address: 201 S. Texas, Mercedes, Texas 78570. Service of said Defendant as described above can be effected by personal delivery. Defendant Isidro Martinez is a natural person, who may be served through personal service at his business address: 217 W. Williamson, Harlingen, TX 78520. Defendant Progressive Mortgage, Inc. d/b/a Key Mortgage is a corporation, which may be served through its registered agent Lillian Kim at 1313 Alton Gloor, Ste. A, Brownsville, TX 78521.

### JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1441(b).

### FACTS

5. On or about April 30, 2002 Defendant Martinez entered into a contract with Plaintiffs to construct a home at:

> Lot Five (5) Westwoods Subdivision, Unit No. 1, Cameron County, Texas, according to map thereof recorded in Cabinet 1, Page 1538-A of the Map Records, Cameron County, Texas.

Mr. Martinez directed Plaintiffs to Defendant Ruby Cantu at Progressive Mortgage d/b/a Key Mortgage in Brownsville. Key Mortgage provided the Plaintiffs the loan application and informed them that Defendant Mercedes National Bank would be providing the interim construction loan. On August 28, 2002, Mercedes National Bank (bank hereinafter) undertook to supervise the construction on the home.

6. During the course of that construction, a number of misrepresentations were been made by several of the bank's employees and by Mr. Martinez. Most notably, the bank assured the Plaintiffs, that they would be protected, and that the funds released to the contractor, Mr. Isidro Martinez, during the construction of the home would be properly monitored. Mr. Martinez significantly misrepresented various material facts to the Noyolas.

7. The most egregious violation the bank committed occurred in the supervision of the funds. The bank, acting through Ms. Bellamy, the president, released the retainage on the loan to Mr. Martinez prior to completion of the home.

8. Now, not only is there no further money available in the loan account on behalf of Mr. and Mrs. Noyola, but Mr. and Mrs. Noyola are not protected against potential claims of mechanics and materialmen who may not have been paid by Mr. Martinez.

9. Progressive Mortgage Inc. d/b/a Key Mortgage, acting in concert with the bank, led the Noyolas to believe that their property would be foreclosed if they did not continue with the construction of the home. They were pressured by Key Mortgage and the bank to allow Defendant Isidro Martinez to continue with the construction when they had lost faith in him, and already believed that he was deceiving them. Lillian Kim, acting on behalf of Key Mortgage, and the bank, visited the job site with the Noyolas, and stated to them that their property would be foreclosed if they did not continue with construction, and allow Mr. Martinez to finish the job.

10. In addition, the contract entered into between the Noyolas and Mr. Martinez called for the interim interest on the construction loan to be paid by the Noyolas for the first five months. Thereafter, Mr. Martinez was to be responsible for the interest. They paid that interest. However, when five months had passed, the bank refused to require Mr. Martinez to pay that interest. No interest has been paid on the loan in over nine months. Therefore, the Noyolas' position is further jeopardized.

11. In addition to the foregoing, when the Noyolas questioned the actions of the bank in supervising Mr. Martinez, on more than one occasion employees of the bank advised the Noyolas that Federal banking regulators were placing pressure on the bank to foreclose on the loan, since the home was not complete.

12. On or about March 12, 2004 The Noyolas learned that they were turned down for credit because Mercedes National Bank reported them as being delinquent more than 30 days as of Jan. 2004.

13. The Noyolas further learned Isidro Martinez did not construct the home according to the National Electric Code. It never passed inspection prior to installation of the dry wall. Despite having been warned by the inspector that the home would not pass inspection, Defendant Martinez failed to remedy the problems. Instead, he left the home as it was, and covered the problems with the drywall. Much of the painting and finish work has since been done. Consequently, the dry wall must be removed, and the home must be re-wired in order to pass inspection.

## DECEPTIVE TRADE PRACTICES

14. Plaintiffs would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

15. <u>Unconscionable Action or Course of Action</u>. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

16. <u>Violations of Section 17.46(b)</u>. Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendants:

    (a) caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    (b) caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; and

    (c) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

17. <u>DTPA Violations under Other Statutes</u>. Plaintiffs would further show that Defendant Mercedes

First Amended Complaint      - 3 -

National Bank engaged in false, misleading or deceptive acts as provided by the following "tie-in" statutes: the Debt Collection Act (Texas Finance Code, Section 392.404(a)).

20. <u>Producing Cause</u>. Plaintiffs would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiffs' damages more fully described hereinbelow.

19. <u>Reliance</u>. Plaintiffs would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiffs to Plaintiffs' detriment.

20. <u>Written Notice Given</u>. Plaintiffs have timely notified Defendant Mercedes National Bank of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated December 3, 2003, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

21. Plaintiffs would further show that Defendants made several written and oral material representations to Plaintiffs which they reasonably considered important in entering into business with them. Many of the representations stated to the Plaintiffs and noted in some documents from all defendants were false. Defendants either knew the representations were false when made or made them recklessly without any knowledge of the truth and as a positive assertion. The representations were made with the intention to induce the Plaintiffs to obtain their construction loan through Mercedes National Bank and continue with a builder that Mercedes National Bank and Progressive Mortgage d/b/a Key Mortgage knew to be ineffective. The Plaintiffs relied upon these representations which resulted in lost profits, loss of credit and damage to credit reputation, loss of interest and or finance charges, and benefit of the bargain of the interest rates at the time as well as the market value.

22. Plaintiffs would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiffs to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

23. As a proximate result of such fraud, Plaintiffs sustained the damages described more fully hereinbelow.

## FRAUD IN A REAL ESTATE TRANSACTION

24. Plaintiffs would further show that the false representations and/or promises of Defendants

First Amended Complaint       - 4 -

constitute fraud in a real estate transaction as defined by Section 27.01 of the Texas Business and Commerce Code.

Mercedes National Bank and Martinez made several written and oral material representations to Plaintiffs which they reasonably considered important in entering into business with those Defendants. The representations were made with the intention to induce the Plaintiffs to obtain their construction loan through Mercedes National Bank with Martinez as the contractor.

25. Additionally, Defendants made several false promises to do an act. The promises were material and were made with the intent of not fulfilling. The Plaintiffs relied on the promise that Defendants Mercedes National Bank and Progressive Mortgage Inc. d/b/a Key Mortgage would insure that Martinez would complete the house Defendants Mercedes National Bank and Progressive Mortgage Inc. d/b/a Key Mortgage knew what they were doing by insisting Plaintiffs sign advance requests over the repeated objections that no work was being done or items brought to the house. Defendants Mercedes National Bank and Progressive Mortgage Inc. d/b/a Key Mortgage promised that by signing the advance requests the house would be completed, when Defendants Mercedes National Bank and Progressive Mortgage Inc. d/b/a Key Mortgage knew or should have known that the house would not be completed.

26. Plaintiffs are therefore entitled to recover from Defendants actual damages described more fully hereinbelow, reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court as provided by Section 27.01 of the Texas Business and Commerce Code.

## NEGLIGENCE

27. In the course of the transactions between Plaintiffs and Defendants, Defendants owed Plaintiffs a duty to safeguard the construction funds.

28. Plaintiffs would show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described hereinabove by which Defendants breached such duty constitute a proximate cause of the damages of Plaintiffs described more fully hereinbelow, for which Defendants are liable to Plaintiffs.

## NEGLIGENT MISREPRESENTATION

29. Plaintiffs would show that Defendants supplied false information in the course of said Defendants' business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described

First Amended Complaint                - 5 -

hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs aver that Plaintiffs suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiffs' justifiable reliance on such information.

30. Plaintiffs therefore assert a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT ON BEHALF OF DEFENDANT MERCEDES NATIONAL BANK

31. Plaintiffs would show that Defendant Mercedes National Bank owed a duty to clients and customers, including Plaintiffs, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said Defendant's employees.

32. Plaintiffs would further show that Defendant Mercedes National Bank failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendant's personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiffs' damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiffs described hereinabove, which proximately caused the damages sustained by Plaintiffs herein, and for which Plaintiffs hereby sue.

## BREACH OF CONTRACT

33. Plaintiffs would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiffs described hereinbelow, and for which Plaintiffs hereby sue.

## STATUTORY LIBEL

34. Plaintiffs hereby assert a claim against Defendants for libel pursuant to Chapter 73, Texas Civil Practice and Remedies Code. Plaintiffs would show that the Defendant published a statement with credit reporting agencies that was defamatory toward both plaintiffs with negligent disregard of the truth of the matter.

## INTENTIONAL INFLICTION OF EMOTION DISTRESS

35. Plaintiffs hereby assert a claim against Defendants for intention infliction of emotional distress. Plaintiffs would show the Court that: (1) Defendants acted intentionally or recklessly; (2) the conduct was extreme

and outrageous; (3) the actions of the Defendants caused the Plaintiffs emotional distress; and (4) the emotional distress suffered by the Plaintiffs was severe.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

36. Plaintiffs hereby assert a claim against defendants for breach of duty of good faith and fair dealing.

## AGENCY

37. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Mercedes National Bank, Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

38. Said Defendant is therefore liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

39. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Mercedes National Bank, Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

40. Defendant Mercedes National Bank is therefore liable to Plaintiffs for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## BREACH OF FIDUCIARY DUTY
## ON THE PART OF MERCEDES NATIONAL BANK

41. Defendant breached its fiduciary duty to Plaintiffs. Defendant owes Plaintiff a fiduciary duty to safeguard the advances and to comply with its own Construction Loan Agreement. It failed to do so, thereby causing harm to Plaintiffs.

## CONSPIRACY TO COMMIT FRAUD

42. Plaintiffs would show that Defendant Mercedes National Bank and the contractor, Isidoro Martinez, acted together to obtain the advances while making short cuts on the construction of the home to make a profit. These acts are the proximate result of Plaintiffs damages described herein below.

43.     Plaintiffs would show how Defendant, Mercedes National Bank, and Key Mortgage acted together to force the Plaintiffs to sign draw requests by threatening foreclosure. These acts are the proximate result of Plaintiffs damages described herein below.

### ECONOMIC AND ACTUAL DAMAGES

44.     Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)     Out-of-pocket expenses.

    (b)     Lost profits.

    (c)     Loss of credit and damage to credit reputation.

    (e)     Interest and/or finance charges assessed against and paid by Plaintiffs.

    (f)     Diminished or reduced market value.

### DAMAGES FOR MENTAL ANGUISH

45.     Plaintiffs would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

46.     As a result of such acts, practices and/or omissions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiffs hereby sue in an amount in excess of the minimum jurisdictional limits of this Court.

### MULTIPLE DAMAGES

47.     As alleged hereinabove, Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

48.     Plaintiffs further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

49.     Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the

First Amended Complaint        - 8 -

Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

50.     Plaintiffs would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiffs. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs also seek recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code and by Section 27.01 of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

51.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 27.01(e) of the Texas Business and Commerce Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Pablo Noyola, Jr. and Maria Leticia Noyola, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,
McCullough & McCullough
P.O. Box 2244/323 E. Jackson
Harlingen, Texas 78551
Tel. (956)423-1234/Fax. (956)423-4976

By:_____
Arthur Eugene "Gene" McCullough
Attorney-in-Charge
Texas Bar No. 00794267
Federal ID No. 19292
Attorney for Plaintiffs
Pablo Noyola, Jr. and Maria Leticia Noyola

## CERTIFICATE OF SERVICE

I certify that on December 17, 2004 a true and correct copy of Plaintiffs' First Amended Complaint was served to each person listed below by the method indicated.

_____
Arthur Eugene "Gene" McCullough

**Via 1st Class U.S. Mail and**
**Via Fax (956) 542-0016**
Ricardo Morado
ROERIG, OLIVERIA & FISHER, L.L.P.
855 West Price Road, Ste. 9
Brownsville, Texas 78520-8786
Attorney for Defendant
Mercedes National Bank


**Via 1st Class U.S. Mail and**
**Via Fax (956) 544-4290**
Gilbert Hinojosa
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Attorney for Defendant
Progressive Mortgage, Inc.

First Amended Complaint                                           - 10 -