IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PABLO NOYOLA, JR. AND § <br> MARIA LETICIA NOYOLA § <br> Plaintiffs § <br> § <br> VS. § <br> § <br> MERCEDES NATIONAL BANK, § <br> PROGRESSIVE MORTGAGE, INC. § <br> D/B/A KEY MORTGAGE, AND § <br> ISIDRO MARTINEZ D/B/A TAILOR § <br> MADE HOMES § <br> Defendants § | CIVIL ACTION NO. B-04-087 <br> JURY DEMAND |

### DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MERCEDES NATIONAL BANK, a Defendant in the above-styled and numbered cause, and submits this First Amended Answer to Plaintiffs' First Amended Complaint, and would respectfully show the Court as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiffs' First Amended Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiffs' First Amended Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiffs' First Amended Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiffs' First Amended Complaint.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendant denies the allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiffs' First Amended Complaint.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiffs' First Amended Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiffs' First Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiffs' First Amended Complaint.

12. Defendant cannot admit or deny the allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint.

13. Defendant cannot admit or deny the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' First

Amended Complaint.

15.   Defendant denies the allegations contained in paragraph 15 of Plaintiffs' First Amended Complaint.

16.   Defendant denies the allegations contained in paragraph 16 of Plaintiffs' First Amended Complaint.

17.   Defendant denies the allegations contained in paragraph 17 of Plaintiffs' First Amended Complaint.

18.   Defendant denies the allegations contained in paragraph 18 of Plaintiffs' First Amended Complaint.

19.   Defendant denies the allegations contained in paragraph 19 of Plaintiffs' First Amended Complaint.

20.   Defendant admits the allegations contained in paragraph 20 of Plaintiffs' First Amended Complaint.

21.   Defendant denies the allegations contained in paragraph 21 of Plaintiffs' First Amended Complaint.

22.   Defendant denies the allegations contained in paragraph 22 of Plaintiffs' First Amended Complaint.

23.   Defendant denies the allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint.

24.   Defendant denies the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiffs' First Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' First Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiffs' First Amended Complaint.

30. Defendant cannot admit or deny the allegations contained in paragraph 30 of Plaintiffs' First Amended Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiffs' First Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiffs' First Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiffs' First Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiffs' First

Amended Complaint.

36. Defendant cannot admit or deny the allegations contained in paragraph 36 of Plaintiffs' First Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiffs' First Amended Complaint.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiffs' First Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiffs' First Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiffs' First Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiffs' First Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiffs' First Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiffs' First Amended Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiffs' First Amended Complaint.

51. Defendant cannot admit or deny the allegations contained in paragraph 51 of Plaintiffs' First Amended Complaint.

52. By way of further answer, if any be necessary, Defendant states that Plaintiffs' damages, if any, were caused by the acts or omissions of third parties over which this Defendant had no control.

53. By way of further answer, if any be necessary, Defendant states that any oral agreement alleged by Plaintiffs to exist fails for want of consideration.

54. By way of further answer, if any be necessary, Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

55. By way of further answer, if any be necessary, Defendant states that §26.02 of the

*Texas Business & Commerce Code* prohibits the enforcement of any loan agreement exceeding $50,000.00 not in writing and signed by the party to be bound.

56. Additionally, Mercedes National Bank states that Plaintiffs' claims for violation of the Texas Deceptive Trades Act, are groundless and asserted in bad faith and/or for purposes of harassment. Mercedes National Bank seeks to recover its reasonable attorney's fees incurred in defending itself against these claims.

57. By way of further answer, if any be necessary, Defendant states that it had no oral agreements with Plaintiffs, and that any such agreements are barred by the statute of frauds and/or the parole evidence rule.

58. By way of further answer, if any be necessary, Defendant states that Plaintiffs failed to take reasonable steps to mitigate their damages, if any.

59. By way of further answer, if any be necessary, Defendant states that at all times material it acted solely as the lender of the construction loan funds and that it did not provide Plaintiff a "good or service" within the meaning of the Deceptive Trade Practices Act.

60. By way of further answer, if any be necessary, Defendant states that Plaintiffs' own acts and omissions were the proximate cause of their damages, if any.

61. By way of further answer, if any be necessary, Defendant states that Plaintiffs are not "consumers" within the meaning of the Deceptive Trade Practices Act.

62. Defendant further states that Plaintiffs are not entitled to exemplary or punitive damages as such damages are unconstitutional and violative of the provisions of the United States Constitution, including but not limited to the following:

a)  the proscription against excessive force; *U.S. Constitution Amendment 8, Texas Constitution Article I, Section 13*;

b)  Due Process; *U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, §§ 13 and 19*;

c)  Equal Protection; *U. S. Constitution Amendments 5 and 13; Texas Constitution Article I, § 3 and 3a*;

d)  the proscription on Ex Post Facto and Retroactive Law; *U. S. Constitution Article I, § 10; Texas Constitution Article I, § 16*;

e)  violation of the Contract Clause of the *U. S. Constitution, Article I, Section 10*, due to the penal nature of punitive damages and the absence of any fair, just or reasonable relation to actual damages.

63. Request for Jury Trial has been made by Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Mercedes National Bank prays that upon final trial hereof it have judgment:

1)  that Plaintiffs take nothing by this suit;

2)  that Mercedes National Bank have and recover from Plaintiffs its reasonable attorney's fees, plus an additional sum in the event an appeal is filed with the Court of Appeals, and an additional sum in the event that an appeal is filed in the Supreme Court;

3)  that Mercedes National Bank recover its costs;

4)  that Mercedes National Bank have post-judgment interest at the highest rate permitted by law;

5)  that Mercedes National Bank have such further and general relief to which it may show itself justly entitled.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016

By: _____
RICARDO MORADO
Texas State Bar No. 14417250
Federal I.D. No. 1213
ATTORNEYS FOR MERCEDES NATIONAL BANK

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document has been mailed to:

Mr. Gene McCullough                                           *VIA CMRRR*
McCULLOUGH AND McCULLOUGH
P. O. Box 2244
323 E. Jackson
Harlingen, Texas 78551

Mr. Gilberto Hinojosa                                         *VIA CMRRR*
Mr. Edgar Juarez
1713 Boca Chica Boulevard
Brownsville, Texas 78520

on this 23rd day of December, 2004.

_____
RICARDO MORADO

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666   Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049   Fax 956 631-8141

Adolph Guerra
D. Alan Erwin
Michael A. Za
Rosemary Conrad-Sande
Lucila Alvar
Jesus Quezada
Adrian R. Mart
Liza M. Vasq
Allena L. C

†Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization

*Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

File No.:

23,950

December 23, 2004

**_VIA HAND DELIVERY_**
Mr. Michael N. Milby, Clerk
U.S. District Clerk's Office
Southern District of Texas
600 E. 10th Street
Brownsville, Texas 78520

   Re:   Civil Action No. B-04-087; ***Pablo Noyola and Maria Leticia Noyola vs. Mercedes National Bank, et al***; In the United States District Court for the Southern District of Texas Brownsville Division

Dear Mr. Milby:

   In connection with the above-referenced matter, enclosed please find an original and two copies of the Unopposed Motion for Leave to File First Amended Answer with attached exhibit Defendant's First Amended Answer and proposed Order Granting Unopposed Motion for Leave of Court.

   Please file the originals, affix your file-stamp on our copy and return our file-stamped cop with courier. Also, please submit said Order to the Judge for entry and execution.

   By copy of this letter, I am forwarding a copy of the same to all attorneys of record.

   Thank you for your courtesies and cooperation.

                                        Very truly yours,

                                        ROERIG, OLIVEIRA & FISHER, L.L.P

                                        By: _____
                                            Ricardo Morado

RM/smu