United States District Court
Southern District of Texas
FILED

JAN 27 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PABLO NOYOLA, JR. AND
MARIA LETICIA NOYOLA
Plaintiffs

VS. CIVIL ACTION NO. B-04-087

MERCEDES NATIONAL BANK,
PROGRESSIVE MORTGAGE, INC.
D/B/A KEY MORTGAGE, AND
ISIDRO MARTINEZ D/B/A
TAILOR MADE HOMES
Defendants

## DEFENDANT'S FIRST AMENDED ANSWER

**NOW COMES** Defendant, PROGRESSIVE MORTGAGE, INC., D/B/A KEY MORTGAGE, named Defendant in the above-entitled and numbered cause, and files this First Amended Answer to Plaintiffs' First Amended Complaint, and would respectfully show the Court as follows:

## I.

## DEFENDANT DENIALS

1. Defendant admits the allegations contained in paragraph 1 of the Plaintiffs' First Amended Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Plaintiffs' First Amended Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Plaintiffs' First Amended Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Plaintiffs' First Amended Complaint.

5. Defendant cannot admit or deny the allegations contained in paragraph 5 of the Plaintiffs' First Amended Complaint.

6. Defendant cannot admit or deny the allegations contained in paragraph 6 of the Plaintiffs' First Amended Complaint.

7. Defendant cannot admit or deny the allegations contained in paragraph 7 of the Plaintiffs' First Amended Complaint.

8. Defendant cannot admit or deny the allegations contained in paragraph 8 of the Plaintiffs' First Amended Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Plaintiffs' First Amended Complaint.

10. Defendant cannot admit or deny the allegations contained in paragraph 10 of the Plaintiffs' First Amended Complaint.

11. Defendant cannot admit or deny the allegations contained in paragraph 11 of the Plaintiffs' First Amended Complaint.

12. Defendant cannot admit or deny the allegations contained in paragraph 12 of the Plaintiffs' First Amended Complaint.

13. Defendant cannot admit or deny the allegations contained in paragraph 13 of the Plaintiffs' First Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Plaintiffs' First Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Plaintiffs' First Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Plaintiffs' First Amended Complaint.

17. Defendant cannot admit or deny the allegations contained in paragraph 17 of the Plaintiffs' First Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Plaintiffs' First Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Plaintiffs' First Amended Complaint.

20. Defendant cannot admit or deny the allegations contained in paragraph 20 of the Plaintiffs' First Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Plaintiffs' First Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Plaintiffs' First Amended Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Plaintiffs' First Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Plaintiffs' First Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Plaintiffs' First Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Plaintiffs' First Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Plaintiffs' First Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Plaintiffs' First Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Plaintiffs' First Amended Complaint.

30. Defendant cannot admit or deny the allegations contained in paragraph 30 of the Plaintiffs' First Amended Complaint.

31. Defendant cannot admit or deny the allegations contained in paragraph 31 of the Plaintiffs' First Amended Complaint.

32. Defendant cannot admit or deny the allegations contained in paragraph 32 of the Plaintiffs' First Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Plaintiffs' First Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Plaintiffs' First Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Plaintiffs' First Amended Complaint.

36. Defendant cannot admit or deny the allegations contained in paragraph 36 of the Plaintiffs' First Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Plaintiffs' First Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Plaintiffs' First Amended Complaint.

39. Defendant cannot admit or deny the allegations contained in paragraph 39 of the Plaintiffs' First Amended Complaint.

40. Defendant cannot admit or deny the allegations contained in paragraph 40 of the Plaintiffs' First Amended Complaint.

41. Defendant cannot admit or deny the allegations contained in paragraph 41 of the Plaintiffs' First Amended Complaint.

42. Defendant cannot admit or deny the allegations contained in paragraph 42 of the Plaintiffs' First Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Plaintiffs' First Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Plaintiffs' First Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Plaintiffs' First Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Plaintiffs' First Amended Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Plaintiffs' First Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Plaintiffs' First Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Plaintiffs' First Amended Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Plaintiffs' First Amended Complaint.

51. Defendant cannot admit or deny the allegations contained in paragraph 51 of the Plaintiffs' First Amended Complaint.

52. By way of further answer, if any be necessary, Defendant states that Plaintiffs' damages, if any, were caused by the acts or omissions of third parties over which this Defendant had no control.

53. By way of further answer, if any be necessary, Defendant states that any oral agreement alleged by Plaintiffs to exist fails for want of consideration.

54. By way of further answer, if any be necessary, Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

55. By way of further answer, if any be necessary, Defendant states that Section 26.02 of the Texas Business & Commerce Code prohibits the enforcement of any loan agreement exceeding $50,000.00 not in writing and signed by the party to be bound

56. By way of further answer, Defendant states that violation of the Texas Deceptive Trades Act, are groundless and asserted in bad faith and/or for purposes of harassment. Defendant seeks

to recover its reasonable attorney's fees incurred in defending itself against these claims.

57. By way of further answer, if any be necessary, Defendant states that it had no oral agreement with Plaintiffs, and that any such agreements are barred by the statute of frauds and/or the parole evidence rule.

58. By way of further answer, if any be necessary, Defendant states that Plaintiffs failed to take reasonable steps to mitigate their damages, if any.

59. By way of further answer, if any be necessary, Defendant states that at all times material it acted solely as the entity that was to provide permanent financing and that it did not provide Plaintiffs a "good or service" within the meaning of the Deceptive Trade Practices Act.

60. By way of further answer, if any be necessary, Defendant states that Plaintiffs are not "consumers" within the meaning of the Deceptive Trade Practices Act.

61. By way of further answer, if any be necessary, Defendant states that Plaintiffs' own acts and omissions were the proximate cause of their damages, if any.

62. By way of further answer, if any be necessary, Defendant states that Plaintiffs' claims for exemplary/punitive damages would violate § 10 of Article One and the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America. Defendant would also show unto the Court that a recovery, award or judgment of exemplary/punitive damages in this case would violate §§ 3, 13, and 19 of Article 1 of the Constitution of the State of Texas. A recovery, award or judgment of exemplary/punitive damages in this case would have the effect of imposing excessive fines, would deprive Defendant of property without due process of law, would deny Defendant equal protection of the law and would impair the obligations of contracts.

63. By way of further answer, if any be necessary, Defendant states that Plaintiffs' claims for damages, if any, are subject to proportionate responsibility, contribution and/or indemnity pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

64. By way of further answer, if any be necessary, Defendant states that Plaintiffs' claims for damages, if any, are subject to the limitations provided in Chapter 41 of the Texas Civil Practice

and Remedies Code.

65. By way of further answer, if any be necessary, Defendant states that Plaintiffs' suit is barred by the doctrine of contributory negligence because the Plaintiff own acts and omissions contributed to any alleged negligence.

66. By way of further answer, if any be necessary, Defendant states that Plaintiffs' suit is barred by the doctrine of excuse.

67. By way of further answer, if any be necessary, Defendant states that Plaintiffs' suit is barred by the doctrine of failure of consideration because their was never any consideration between the parties.

68. By way of further answer, if any be necessary, Defendant states that Plaintiffs' suit is barred by the doctrine of lack of privity.

## PRAYER

**WHEREFORE, PREMISES, CONSIDERED**, Defendant Progressive Mortgage prays that the Court upon final trial hereof it have judgment

1. that Plaintiff take nothing by this suit;

2. that Defendant Progressive Mortgage have and recover from Plaintiffs its reasonable attorney's fees, plus an additional sum in the event an appeal is filed with the Court of Appeals, and an additional sum in the event that an appeal is filed in the Supreme Court;

3. that Defendant Progressive Mortgage recover its costs;

4. that Defendant Progressive Mortgage have post-judgment interest at the highest rate permitted by law;

5. that Defendant Progressive Mortgage have such further and general relief to which it may show itself justly entitled.

Respectfully submitted,

Magallanes & Hinojosa, P.C.

By: ______________________ w/p

Gilberto Hinojosa
Texas Bar No. 09701100
Federal I.D. No. 3425
1713 Boca Chica Blvd.
Brownsville, Texas 78520
Tel. (956)544-6571
Fax. (956)544-4290
Attorney for Defendant
PROGRESSIVE MORTGAGE, INC., D/B/A
KEY MORTGAGE

CERTIFICATE OF SERVICE

I certify that on January 27, 2005, a true and correct copy of the foregoing was served to each person listed below by the method indicated:

Mr. Gene McCullough
MCCULLOUGH & MCCULLOUGH
P.O. Box 2244/323 East Jackson Street
Harlingen, Texas 78551-2244

Via Fax (956) 423-4976

Mr. Ricardo Morado
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8786

Via Fax (956) 544-4290

Mr. Isidro Martinez d/b/a Tailor Made Homes
558 N. Crockett
San Benito, Texas 78586

Via CM/RRR

______________________ w/p
Gilberto Hinojosa