United States District Court
Southern District of Texas
FILED

FEB 2 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PABLO NOYOLA, JR. AND § | | |
| MARIA LETICIA NOYOLA § | | |
| Plaintiffs § | | |
| § | | |
| VS. § | | |
| § | | |
| MERCEDES NATIONAL BANK, § | CIVIL ACTION NO. B-04-087 | |
| PROGRESSIVE MORTGAGE, INC. § | JURY DEMAND | |
| D/B/A KEY MORTGAGE, AND § | | |
| ISIDRO MARTINEZ D/B/A TAILOR § | | |
| MADE HOMES § | | |
| Defendants § | | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the MERCEDES NATIONAL BANK, a Defendant in the above-styled and numbered cause, and files this response to Plaintiffs' Motion to Compel, and for such would respectfully show the Court as follows:

**I.**

On February 8, 2005, Plaintiffs filed their Motion to Compel Mercedes National Bank, asking this Court to overrule objections presented by the Mercedes National Bank to certain written discovery requests, and requesting that the Court order the Mercedes National Bank to answer certain requests. For the reasons stated below, the Mercedes National Bank asks

this Court to deny Plaintiffs' motion, uphold its objections, and enter an order protecting the Mercedes National Bank from these same discovery requests.

## II.

The Mercedes National Bank made timely responses to all the discovery requests addressed in Plaintiffs' Motion to Compel. In Request for Production No. 2 of Plaintiffs' First Requests for Production, the Mercedes National Bank is asked to produce the following:

> Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that Plaintiffs are not a "consumer" under the Texas Deceptive Trade Practices Act.

To this request, the Mercedes National Bank responded as follows:

> Objection. A document request must describe the documents with reasonable particularity. A document request is not reasonably particular if it merely requests documents related to a claim or defense. ***Kidwiler v. Progressive Paloverde Ins. Co.***, 192 F.R.D. 193, 202 (N.D.W.Va. 2000).

While Plaintiffs did not use the word "relate" in their request, a careful reading of Request No. 2 would lead one to the conclusion that Plaintiffs are asking for any and all documents or other tangible evidence that relate to Defendant's claim that Plaintiffs are not "consumers" under the Texas Deceptive Trade Practices Act. This type of broad request is prohibited under the authority of ***Kidwiler***, cited above. Plaintiffs have failed to specify the actual documents for which they seek production; rather, Plaintiffs want Defendant to make that determination, and then be in a position to argue that the Defendant failed to produce any document which they believe related to the subject issue and which was not produced in response to this request. Defendant requests that the Court sustain the objection and enter

an order protecting Defendant from this discovery request.

### III.

In Request for Production No. 3 of Plaintiffs' First Requests for Production, Plaintiffs request the following:

> Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that you are subject to an exemption under Section 17.49 of the Texas Business and Commerce Code.

To this request, the Defendant responded as follows:

> Objection. A document request must describe the documents with reasonable particularity. A document request is not reasonably particular if it merely requests documents related to a claim or defense. ***Kidwiler v. Progressive Paloverde Ins. Co.***, 192 F.R.D. 193, 202 (N.D.W.Va. 2000).

While Plaintiffs did not use the word "relate" in their request, a careful reading of Request No. 3 would lead one to the conclusion that Plaintiffs are asking for any and all documents or other tangible evidence that relate to Defendant's claim that Plaintiffs are not "consumers" under the Texas Deceptive Trade Practices Act. This type of broad request is prohibited under the authority of ***Kidwiler***, cited above. Plaintiffs have failed to specify the actual documents for which they seek production; rather, Plaintiffs want Defendant to make that determination, and then be in a position to argue that the Defendant failed to produce any document which they believe related to the subject issue and which was not produced in response to this request. Defendant requests that the Court sustain the objection and enter an order protecting Defendant from this discovery request.

## IV.

In Request for Production No. 4 of Plaintiffs' First Requests for Production, Plaintiffs request the following:

> Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that Plaintiffs or any other person failed to mitigate damages alleged herein to any extent.

To this request, the Defendant responded as follows:

> Objection. A document request must describe the documents with reasonable particularity. A document request is not reasonably particular if it merely requests documents related to a claim or defense. ***Kidwiler v. Progressive Paloverde Ins. Co.***, *192 F.R.D. 193, 202 (N.D.W.Va. 2000)*.

While Plaintiffs did not use the word "relate" in their request, a careful reading of Request No. 4 would lead one to the conclusion that Plaintiffs are asking for any and all documents or other tangible evidence that relate to Defendant's claim that Plaintiffs are not "consumers" under the Texas Deceptive Trade Practices Act. This type of broad request is prohibited under the authority of ***Kidwiler***, cited above. Plaintiffs have failed to specify the actual documents for which they seek production; rather, Plaintiffs want Defendant to make that determination, and then be in a position to argue that the Defendant failed to produce any document which they believe related to the subject issue and which was not produced in response to this request. Defendant requests that the Court sustain the objection and enter an order protecting Defendant from this discovery request.

## V.

In Request for Production No. 8 of Plaintiffs' First Requests for Production, Plaintiffs

request the following:

> Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate that some person or entity other MNB may be liable for the claims asserted by Plaintiffs.

To this request, the Defendant responded as follows:

> Objection. A document request must describe the documents with reasonable particularity. A document request is not reasonably particular if it merely requests documents related to a claim or defense. ***Kidwiler v. Progressive Paloverde Ins. Co.***, 192 F.R.D. 193, 202 (N.D.W.Va. 2000).

While Plaintiffs did not use the word "relate" in their request, a careful reading of Request No. 8 would lead one to the conclusion that Plaintiffs are asking for any and all documents or other tangible evidence that relate to Defendant's claim that Plaintiffs are not "consumers" under the Texas Deceptive Trade Practices Act. This type of broad request is prohibited under the authority of ***Kidwiler***, cited above. Plaintiffs have failed to specify the actual documents for which they seek production; rather, Plaintiffs want Defendant to make that determination, and then be in a position to argue that the Defendant failed to produce any document which they believe related to the subject issue and which was not produced in response to this request. Defendant requests that the Court sustain the objection and enter an order protecting Defendant from this discovery request.

## VI.

In Request for Production No. 9 of Plaintiffs' First Requests for Production, Plaintiffs request the following:

> Any and all published treatises, periodicals or pamphlets on a subject of

> banking and construction lending which you, your attorneys or expert witnesses claim to be reliable authority which may be used at trial herein.

To this request, the Defendant responded as follows:

> Objection. This request seeks information constituting or delving into attorney work product thought processes and litigation strategy protected from discovery. Objection. A document request must describe the documents with reasonable particularity. A document request is not reasonably particular if it merely requests documents related to a claim or defense. ***Kidwiler v. Progressive Paloverde Ins. Co.***, 192 F.R.D. 193, 202 (N.D.W.Va. 2000).

Federal Rule of Civil Procedure 26(b)(3) protects attorney work product from discovery. The work product exemption was created to protect trial preparation materials that could reveal an attorney's evaluations and strategies about the case. ***Hickman vs. Taylor***, 329 U.S. 495, 510 - 11, 67 S. Ct. 385, 393 (1947).

Opinion work product consists of the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of a party. FRCP 26(b)(3). Opinion work product is entitled to almost absolute protection. ***Sandberg vs. Virginia Bank Shares, Inc.***, 979 F2d 332, 355 (4th Cir. 1992) *(absolutely immune from discovery)*. In this request, Plaintiffs seek such authorities which not only our expert witnesses may rely upon, but that which we as counsel as for the Mercedes National Bank claim to be reliable authority and which we may use at trial herein. This request clearly delves into attorney work product which is subject to perfection. Plaintiffs could, of course, request information regarding those authorities on which any expert witness hired by the Mercedes National Bank may rely to support his or her opinions, but this specific request goes well beyond that scope.

Defendant requests that the Court sustain its objection and enter an order protecting this Defendant from this discovery request.

### VII.

Requests for Production No. 15 of the Plaintiffs' First Requests for Production seeks the following:

> Copies of any documents, correspondence or other items filed with, sent to, or received from any state, county, city, federal or governmental agency, institution or department or representative within the last five (5) years that relate to the MNB noncompliance with general banking practices.

To this request, the Defendant responded as follows:

> Objection. This request seeks information that is confidential and generally protected from disclosure by 12 C.F.R 4.

Section 4.36 of the Code of Federal Regulations prohibits unauthorized disclosure of all non-pubic OCC information. In Section 4.36(d), the Code of Federal Regulation states as follows:

> All non-public OCC information remains a property of the OCC. No supervised entity, government agency, person or other party to whom the information is made available, or any officer, director, employee or agent thereof, may disclose non-public OCC information without the prior written permission of the OCC, except in published statistical material that does not disclose, either directly or when used in conjunction with other publicly available information, the affairs of any individual, corporation, or other entity. Except as authorized by the OCC, no person obtaining access to non-public OCC information under this section may make a copy of the information and no person may remove non-public OCC information from the premises of the institution, agency, or other party in authorized possession of the information.

In its response to Request for Production No. 15, the Mercedes National Bank clearly

referred the Plaintiffs to the Code of Federal Regulations, which contain provisions and procedures for obtaining this type of information. Plaintiffs apparently are unwilling to comply with these requirements. Defendants request that the Court sustain its objection and enter an order protecting this Defendant from this discovery, requiring Plaintiff to seek the information from the OCC following appropriate federal procedures.

## VIII.

In their Second Requests for Production, the Plaintiffs made the following requests:

Request for Production No. 1: Any Board of Directors' minutes that pertain to construction lending and any other services provided in connection therewith, and/or the incidents made the basis of this lawsuit.

Request for Production No. 2: Any Directors' Loan Committee's minutes that pertain to construction lending and any other services provided in connection therewith, and/or the incidents made the basis of this lawsuit.

Request for Production No. 3: Any and all recorded presentations at Directors' Loan Committee meetings that pertain to construction lending and any other services provided in connection therewith, and/or the incidents made the basis of this lawsuit.

Request for Production No. 4: Any and all recorded presentations at Board of Directors' meetings that pertain to construction lending and any other services provided in connection therewith, and/or the incidents made the basis of this lawsuit.

To each of these requests, the Defendant made the following objections:

Objection. This discovery request is vague, ambiguous, overly broad, and unduly burdensome in that it is not limited in time or scope. To answer this discovery request, this Defendant would be required to produce minutes of any Board of Director's meetings that in any way touch on the subject of construction lending and any other services provided in connection with the construction lending, from the time this Defendant bank began making

construction loans to the present. It would also require this Defendant to determine what minutes actually "pertain" to construction's lending and any other services provided in connection therewith and/or the incidents made the basis of this lawsuit. This Defendant would show that request for production does not adequately specify which documents are sought, and that therefore this Defendant cannot reasonably respond to it. Furthermore, this Defendant would object to any minutes from Board of Director's meeting which involve attorney-client communications relating to this case or other cases or to bank's business in general. Such communications are privileged and protected from disclosure.

In their motion to compel, the Plaintiffs represent to the Court that they are "merely requesting information which relate to their construction loan and the supervision of that loan by the officers of Defendant Mercedes National Bank." In actuality, the four requests made go far beyond specific information regarding Plaintiff's construction loan and the supervision of that loan. The requests are inclusive of all construction loan business conducted by the Mercedes National Bank from the period starting January 2002 to the present, and would include construction loans to other parties not Plaintiffs in this lawsuit. That information has no bearing on Plaintiffs' claims. Production of such information would violate the privacy of third parties not involved in this lawsuit. It is because the requests are overly broad that Defendant has objected. Defendant Mercedes National Bank requests that the Court sustain its objections and enter an order protecting this Defendant from these discovery requests.

## IX.

Defendant requests that the Court deny the Plaintiffs' requests for attorney's fees pursuant to Rule 215 of the Texas Rules of Civil Procedure in that the Texas Rules of Civil Procedure do not apply to the proceedings in this Court. Since no proper request for

attorney's fees had been made, Defendant would request a denial of any award of attorney's fees to Plaintiffs in connection with their motion or this response.

### X. REQUEST FOR HEARING

Defendant would represent to this Court that Plaintiffs and this Defendant are scheduled for mediation on March 4, 2005. Defendant requests that the Court set this matter for hearing after March 4 should mediation prove unsuccessful in resolving this matter.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Mercedes National Bank prays that the Court set this matter for hearing after March 4, 2005, with notice to all parties, affording the parties an opportunity to be heard on these matters, and that at the conclusion of said hearing, the Court enter an order denying Plaintiffs' Motion to Compel and protecting the Mercedes National Bank from the discovery requests discussed herein. The Mercedes National Bank further prays for general relief.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (fax)

Attorneys for Defendant
Mercedes National Bank

By _____
Ricardo Morado
Texas State Bar #14417250
Federal I.D. No. 1213

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the ___24th___ day of February, 2005, true and correct copies of the foregoing Motion was forwarded by via Certified Mail, Return Receipt Requested all attorneys of record.

Mr. Gene McCullough                                   *VIA CMRRR*
McCULLOUGH AND McCULLOUGH
P. O. Box 2244
323 E. Jackson
Harlingen, Texas 78551

Mr. Edgar Juarez                                       *VIA CMRRR*
Mr. Gilberto Hinojosa
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Boulevard
Brownsville, Texas 78520

_____
Ricardo Morado